UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATHANASIOS KOUSIS AND THERESA KOUSIS**<br><br>         **Plaintiffs,**<br><br>  v.<br><br>**FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,**<br>**THE TRAVELERS COMPANIES, INC.**<br>**JOHN DOES 1-3, XYZ COMPANIES**<br><br>         **Defendants.** | Civ. No. 22-06530 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the defendants' motion (DE 6) to dismiss Counts 3, 4, and 6 of the plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and/or 9(b); to dismiss plaintiffs' request for attorneys' fees and punitive or special damages; and to strike Counts 1 and 5 of the complaint as redundant of Count 2, pursuant to Fed. R. Civ. P. 12(f). For the reasons set forth below, the defendants' motion is **GRANTED**, without prejudice to amendment.

**I. BACKGROUND**[1]

The facts alleged in the complaint are as follows. Plaintiffs Athanasios and Theresa Kousis own and reside at a property in Cliffside Park, New Jersey.

---

[1] Certain citations to record are abbreviated as follows:

  DE = Docket entry number in this case

  Compl. = Plaintiffs' Complaint (DE 1-1)

  Mot. = Mem. in Support of Defendants' Motion to Dismiss (DE 6)

  Op. = Plaintiffs' Opposition (DE 9)

  Reply = Defendants' Reply in Further Support of their Motion (DE 13)

(Compl. ¶¶ 1-2.) Defendants Fidelity and Guaranty Insurance Underwriters, Inc. ("Fidelity") and The Travelers Companies, Inc. ("Travelers") are Connecticut corporations with their principal places of business in that state. (*Id.* ¶¶ 3-4.)

On April 21, 2021, the defendants issued a homeowners insurance policy ("the Policy") to the plaintiffs for the period of April 21, 2021 to April 21, 2022. (*Id.* ¶ 8.) The Policy provides for up to $461,500 in coverage for the "Dwelling," $115,375 in coverage for "Personal Property," and $46,150 in coverage for "Loss of Use." (*Id.* ¶ 9.)

On September 1, 2021, the plaintiffs' property was damaged as a result water seepage caused by a storm. (*Id.* ¶ 10.) The plaintiffs claim to have suffered losses of approximately $250,000 for damage to their dwelling, $50,000 for damage to their personal property, and $25,000 for loss of use of the property, for a total claim of $325,000. (*Id.* ¶ 12.) The plaintiffs allege that they filed a claim for coverage under the Policy on September 1, 2022 [*sic*]. (*Id.* ¶ 13.) On October 28, 2021, the defendants denied the plaintiffs' claim for coverage under the Policy. (*Id.* ¶ 14.)[2]

On July 26, 2022, the plaintiffs filed suit in New Jersey Superior Court, Bergen County, seeking damages for breach of contract, bad faith denial of insurance policy coverage, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.* (Notice of Removal, DE 1, ¶ 1; Compl.) The complaint also seeks attorney's fees and costs, special damages, and a declaratory judgment that the $325,000 loss sustained by the plaintiffs is covered under the Policy.

Defendants received the summons and complaint on October 22, 2022. (DE 1 ¶ 3.) On November 9, 2022, the defendants removed the matter to federal

---

[2] It appears that the complaint contains a typographical error. Despite neither party addressing this issue, the Court notes that the plaintiffs allege to have filed a claim for coverage on September 1, 2022. I assume that 2021 was intended, in that the claim was allegedly denied on October 28, 2021, and the state suit was filed on July 26, 2022.

court on the basis of diversity jurisdiction. (DE 1.) Later that month, the defendants moved for partial dismissal of the complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and moved to strike pursuant to Fed. R. Civ. P. 12(f).

## II. LEGAL STANDARDS

A district court may, *sua sponte* or on motion by a party, "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint 'any redundant, immaterial, impertinent, or scandalous matter' which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). Given "the drastic nature of the remedy, however, motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id.* (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).

Although a motion to strike is generally not the proper vehicle to dismiss part of a complaint for legal insufficiency, a court may nevertheless "consider an improper Rule 12(f) motion as a motion to dismiss under Rule 12(b)(6)." *Jordan v. Cicchi*, No. 10-4398, 2014 WL 2013385, at *1 (D.N.J. May 16, 2014). In this context, the distinction matters little.

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of resolving a Rule 12(b)(6) motion to dismiss, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

The Federal Rules of Civil Procedure do not require that a complaint contain detailed factual allegations. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, citations, and alterations omitted); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief.") (internal quotation marks omitted). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570.

Claims of fraud are subject to a heightened pleading standard under Fed. R. Civ. P. 9(b). *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 202-03 (3d Cir. 2007); *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526-27 (D.N.J. 2008). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

### III. MOTION TO DISMISS COUNTS 6, 3, 4, AND REQUESTS FOR ATTORNEYS' FEES OR PUNITIVE DAMAGES

#### a. New Jersey Consumer Fraud Act (Count 6)

I begin with the plaintiffs' statutory fraud claim, brought under the New Jersey Consumer Fraud Act ("CFA"). The CFA prohibits the "act, use or employment by any person of any commercial practice that is unconscionable or abusive, . . . in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid[.]" N.J. Stat. Ann. § 56:8-2. The statute provides individual consumers with a cause of action to recover funds and authorizes the award of treble damages for violations. N.J. Stat. Ann. § 56:8-2.12, 56:8-19.

The broad, remedial purpose of the CFA is "to root out consumer fraud." *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 264 (1997). In *Lemelledo*, the New Jersey Supreme Court held that the language of the CFA "is ample enough to encompass the sale of insurance policies as goods and

4

services that are marketed to consumers." 150 N.J. at 265. Notwithstanding the holding of *Lemelledo*, the defendants argue that the plaintiffs' CFA claim is not cognizable because the statute does not apply to an insurer's handling of a claim or its denial of benefits. (Mot. p. 7.)

Several lower courts in New Jersey have held that the CFA "was not intended as a vehicle to recover damages for an insurance company's refusal to pay benefits." *See, e.g.*, *Myska v. N.J. Mfrs. Ins. Co.*, 440 N.J. Super. 458, 485 (App. Div. 2015) (collecting cases). Although it acknowledged these decisions, the *Lemelledo* Court expressed no opinion on the issue of whether the CFA is applicable to the *payment* of insurance benefits, as opposed to the *sale* of insurance *policies*. 150 N.J. at 265. The Third Circuit, for its part, has questioned the notion that the CFA does not apply to deceptive insurance practices in connection with the payment of benefits, observing that the language of the statute "covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations)." *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (2007). *See also Alpizar-Fallas v. Favero*, 908 F.3d 910, 917-18 (3d Cir. 2018) (predicting that the "New Jersey Supreme Court would apply the CFA to [the plaintiff's] claim, where an insurance company is alleged to have fraudulently performed a contract with a consumer.").

I will assume *arguendo* that the plaintiffs may bring a cause of action under the CFA for fraudulent refusal to pay insurance benefits. Nevertheless, the complaint does not plead sufficient facts to support such a claim. Claims asserted under the CFA, like claims for common law fraud, are subject to the heightened pleading standard set forth in Fed. R. Civ. P. 9(b).

Plaintiffs' complaint merely states that the defendants "have engaged in various unconscionable commercial practices, deception, fraud, and/or misrepresentations in violation of the CFA by, inter alia, affirmatively misrepresenting that the Claim was excluded under the Policy and wrongfully denying the same." (Compl. ¶ 50.) These allegations amount to little more than

5

a restatement of the denial of coverage, with the addition of generalized and conclusory allegations of fraud. The complaint supplies no specific facts to support the conclusion that the denial of benefits in this instance was fraudulent or deceptive, as opposed to merely incorrect. It therefore does not meet Rule 9(b)'s heightened pleading standard and must be dismissed. *See Hobson v. Hartford Ins. Co. of the Midwest*, No. 21-20696, 2022 WL 4536470, at *4 (D.N.J. Sept. 28, 2022) (dismissing the plaintiff's CFA claim because she pled only that she was entitled to the benefits of an insurance policy to which she was denied, not that the insurer made any false representations or acted in an unconscionable manner).

### b. Bad faith denial of insurance benefits (Count 3)

Count 3 asserts a claim for bad faith denial of insurance benefits. In *Pickett v. Lloyd's*, 131 N.J. 457 (1993), the New Jersey Supreme Court held that an insurance company owes a duty of good faith to its insured in processing a first-party claim, *i.e.*, a claim for benefits made by the insured individual, as opposed to a third party. *Id.* at 467. The Court also recognized a tort remedy for an insurer's bad faith in refusing to pay such a claim. *Id.* at 469-472.

To prevail on a claim for bad faith denial of first-party benefits under New Jersey law, "a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Pickett*, 131 N.J. at 473 (citation omitted). "If a claim is 'fairly debatable,' no liability in tort will arise." *Id.* (citation omitted). This standard "is premised on the idea that when an insurer denies coverage with a reasonable basis to believe that no coverage exists, it is not guilty of bad faith even if the insurer is later held to have been wrong." *Hudson Universal, Ltd. v. Aetna Ins. Co.*, 987 F. Supp. 337, 341 (D.N.J. 1997). Thus, for example, "[u]nder the 'fairly debatable' standard, a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for

an insurer's bad-faith refusal to pay the claim." *Pickett*, 131 N.J. at 473. *See Badiali v. N.J. Mfrs. Ins. Grp.*, 220 N.J. 544, 555 (2015).

The complaint alleges in a conclusory fashion that the defendants' "denial of coverage under the Policy as aforesaid was in bad faith because there is no reasonable basis for denying coverage." (Compl. ¶ 34.) It provides no factual support for this conclusion, however. While the complaint asserts that the plaintiffs suffered covered losses to their "Dwelling" and "Personal Property," as well as "Loss of Use," as those terms are defined in the Policy, the complaint itself does not contain the Policy definitions of those terms, nor does it describe the nature of the losses that actually occurred, so that the two could be compared. Without such details, it is impossible to determine whether the defendants had a reasonable basis for refusing to pay the claim. Count 3 must be dismissed on this basis. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (2012) (affirming the district court's dismissal of the plaintiff's bad faith claim under Pennsylvania law pursuant to Rule 12(b)(6) where the complaint consisted only of "conclusory statements unsupported by facts").

### c. Breach of fiduciary duty (Count 4)

Count 4 alleges that the defendants breached their fiduciary duties to plaintiffs, "including their duties of good faith and fair dealing," since the denial of coverage was in bad faith. (Compl. ¶ 39.) The defendants have moved to dismiss this claim on the ground that they did not owe a fiduciary duty to the plaintiffs with respect to the handling of plaintiffs' claim for first party benefits.

"A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." *F.G. v. MacDonell*, 150 N.J. 550, 563, 696 A.2d 697, 704 (1997). As a general matter, "[a]n insurer only owes a fiduciary duty to an insured under 'certain circumstances,' such as when it is settling claims on behalf of the insured," *i.e.,* acting on the insured's behalf. *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 737 F. App'x 631, 639 (3d Cir. 2018) (citation omitted). When it comes to assessing whether the insured's claim for

7

first party benefits is covered under an insurance policy, no fiduciary duty arises. *See Kocse v. Liberty Mut. Ins. Co.*, 152 N.J. Super. 371, 378–79 (Law. Div. 1977) ("The parties, in this respect, are merely dealing with one another as they would in a normal contractual situation. They are not acting as principal and agent."); *Skelcy v. UnitedHealth Grp., Inc.*, No. 12-01014, 2012 WL 6087492, at *8 (D.N.J. Dec. 6, 2012) (finding no fiduciary relationship where the parties "were in the position of regular contracting parties").

Count 4, alleging breach of fiduciary duty, is therefore dismissed.[3]

### d. Dismissal of Requests for Attorneys' Fees and Punitive Damages

Defendants have moved to dismiss the plaintiffs' request for attorneys' fees as set forth in each of the plaintiffs' causes of action. Defendants have also moved to dismiss the plaintiffs' request for "special damages," which defendants interpret to mean punitive damages. The plaintiffs fail to address the defendants' motion on this point. (*See generally*, Op.) I address each argument in turn.

#### 1. Attorneys' Fees

It is well-settled that New Jersey courts, long adhering to the so-called "American Rule", do not generally award attorneys' fees to prevailing litigants. *In re Niles*, 176 N.J. 282, 293-94 (2003) ("New Jersey has a strong policy against the shifting of counsel fees" and "has embraced that policy by adopting the 'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party."); *Gilliam v. Liberty Mut. Fire Ins. Co.*, No. 14-00361, 2014 WL 10191547, at *4 (D.N.J. Sept. 26, 2014) (collecting cases). Thus, counsel may be awarded fees only in certain circumstances; most commonly where expressly authorized by contract, rule or statute. *Occhifinto v.*

---

[3] Count 4 could be read liberally as alleging a breach of the insurer's distinct duty to deal fairly and act in good faith, but there would be no point in doing so. *See Pickett*, 131 N.J. at 467. Plaintiffs' breach of fiduciary duty claim, like the bad faith claim in Count 3, is premised on the defendants' processing and subsequently denying plaintiffs' claim for coverage. Viewed as such, it is entirely duplicative of Count 3, which directly asserts a claim for bad faith denial of insurance benefits, and which was dismissed for failure to adequately allege such a claim. *See* III.b, *supra.*

*Olivo Const. Co., LLC*, 221 N.J. 443, 449-450 & n.2 (2015); *Gilliam*, 2014 WL 10191547, at *4.

The source of plaintiffs' claimed entitlement to attorneys' fees is unclear. Perhaps the closest fit would be New Jersey Court Rule 4:42-9(a)(6), which provides that a successful claimant may recover attorneys' fees "[i]n an action upon a liability or indemnity policy of insurance," but that Rule does not apply here. Numerous courts—both state and federal—have held that prevailing litigants are not entitled to attorneys' fees in a direct action against an insurer for coverage. *See, e.g., Giri v. Med. Inter-Ins. Exch. of N.J.*, 251 N.J. Super. 148, 151 (App. Div. 1991) (holding that Rule 4:42-9(a)(6) "does not authorize an award of counsel fees to an insured 'on a direct suit against the insurer to enforce a casualty or other first-party direct coverage'") (citation omitted; collecting cases); *213-15 76th Street Condo Ass'n v. Scottsdale Ins. Co.*, No. 14-7695, 2015 WL 4617254, at *2 (D.N.J. July 31, 2015) (same); *Torres v. Liberty Mut. Fire Ins. Co.*, No. 13-06051, 2014 WL 10208700, at *6 ("Succinctly stated, this matter involves a first party claim for which counsel fees may not be recovered.") (citing R. 4:42-9(a)(6)). Although *213-15 76th Street* found that attorneys' fees may be awarded when an insurer acts in bad faith in denying coverage, I have already dismissed that claim. *See* Part III.b, *supra* (dismissing count 3). For those reasons, defendants' request to dismiss the plaintiffs' request for attorneys' fees in each count of the complaint is granted.

### *2. Punitive Damages*

Counts 2 through 6 of the complaint include a request for "special damages" for the breaches alleged therein. That term has a number of meanings, but defendants here take it to refer to punitive damages, and plaintiffs have not corrected them. Defendants move to dismiss those requests for relief. (Mot. p. 13.) That motion is granted.

As a general principle, New Jersey rule prohibits the award of punitive damages in contract actions, absent a special relationship between the parties or certain other circumstances. *Gilliam*, 2014 WL 10191547, at *4 (relying on

9

*Milcarek v. Nationwide, Ins. Co.*, 190 N.J. Super. 358, 362-64 (App. Div. 1983)). Indeed, the court in *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.* found that "the duties of an insurer presented with a first-party claim for loss are a matter of contract law, and that punitive damages are, therefore, generally not recoverable." 931 F. Supp. 328, 335-36 (D.N.J. 1996) (collecting cases). Punitive damages are, however, recoverable under New Jersey's Punitive Damages Act, N.J. Stat. Ann. § 2A:15-5.12, if "a plaintiff can prove, by clear and convincing evidence, that his harm was caused by the defendant and the defendant has acted with actual malice, or a wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions." *Veyhl v. State Farm Fire & Cas. Co.*, No. 21-10112, 2021 WL 6062304, at *5 (D.N.J. Dec. 22, 2021) (quoting *Hoffman v. Silverio Delrosar*, 2021 WL 2434064, at *5 (D.N.J. June 15, 2021) (internal quotation marks omitted)).

As the Court has already found, defendants do not owe a fiduciary duty to the plaintiffs. Nor have the plaintiffs sufficiently pled a special relationship that would warrant the imposition of punitive damages for the purported breach. Plaintiffs have also failed to plead any facts that suggest "the type of egregious or otherwise intolerable conduct, outrageous in its character, that would be necessary . . . to support an award of punitive damages." *Torres*, 2014 WL 10208700, at *5. *See also Johnson v. Encompass Ins. Co.*, No. 17-3527, 2019 WL 2537809, at *3 (D.N.J. June 20, 2019) ("As pled, Defendant's behavior does not rise to the level of egregiousness required for an award of punitive damages. Plaintiff has not sufficiently alleged that there were any deliberate, overt, or dishonest dealings on Defendant's part."). Therefore, defendants' motion to dismiss the plaintiffs' prayer for relief of punitive damages is granted.

### IV.  MOTION TO STRIKE OR DISMISS COUNTS 1 AND 5

I turn next to the defendants' motion to strike or dismiss Counts 1 and 5 of the complaint because they are duplicative of Count 2. (Mot. pp. 21-22.) I will grant that motion, for the reasons set forth below.

### a. Count 1

Defendants argue that the Court should strike or dismiss Count 1 of the complaint, which seeks a declaratory judgment, because it is subsumed by Count 2, plaintiffs' breach of contract claim. A court may, in its discretion, decline to adjudicate a declaratory judgment claim "if it determines that issuing a declaratory judgment would serve no useful purpose." *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997). Such a claim would "serve no purpose if it 'bears complete identity of factual and legal issues with another claim being adjudicated by the parties.'" *Innovative Sols. & Tech., LLC v. Pro Spot Int'l, Inc.*, No. 21-17302, 2023 WL 3260031, at *4 (D.N.J. May 4, 2023) (citation omitted). However, any redundancy must be clear from the pleadings. *Id.* (quoting *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556 (D.N.J. 2009)).

The allegations set forth in Count 2 of the complaint largely mirror the allegations of Count 1. Those allegations generally recite that (i) the plaintiffs were covered under the Policy; (ii) the plaintiffs sought coverage from the defendants stemming from an incident that occurred during the term of the Policy; (iii) the defendants denied coverage for the Claim; and (iv) as a result, the plaintiffs have suffered, and will continue to suffer, damages. (*Compare id.* ¶¶ 16-22, *with id.* ¶¶ 23-28.) Thus, resolution of the issue posed by Count 2 (whether defendants breached the terms of the Policy by failing to pay out on a covered claim) will necessarily entail resolution of Count 1 (which asks the Court to declare that the insureds are entitled to coverage under the Policy).

Where an insured's claim is prospective, a declaratory judgment might serve the useful purpose of clarifying the relations of the parties. But where, as here, a claim has been made, coverage has been denied, and the insured has sued based on that denial, a declaratory judgment would be superfluous. *See Golden State Med. Supply Inc. v. AustarPharma LLC,* No. 21-17137, 2022 WL 2358423, at *7 (D.N.J. June 30, 2022) (dismissing the plaintiff's declaratory judgment claim as redundant of its breach of contract claim); *AV Design Servs.,*

11

*LLC v. Durant*, No. 19-8688, 2021 WL 1186842, at *13 (D.N.J. Mar. 30, 2021) (dismissing defendant's declaratory judgment claim where his breach of contract claim will "decide the question raised in the declaratory judgment claim").

I therefore dismiss Count 1 of plaintiffs' complaint as redundant of Count 2.

### ii. Count 5

Count 5 is a claim for breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 41-45.) Defendants move to dismiss or strike Count 5 because it is duplicative of Count 2. (Mot. p. 21.)

Every contract is deemed to contain that implied covenant of good faith and fair dealing. *Wade v. Kessler Inst.*, 172 N.J. 327, 340 (2002). A claim for breach of that covenant "arises when the other party has acted consistent with the contract's literal terms, but has done so in such a manner so as to 'have the effect of destroying or injuring the right of the other party to receive the fruits of the contract[.]'" *Id.* at 345 (quoting *Bak-A-Lum Corp. of Am. v. Alcoa Bldg. Prods., Inc.*, 69 N.J. 123, 129 (1976)). "As in the case of quasi-contract, a plaintiff cannot *prevail* on both theories; when a party breaches an explicit term of a contract, a plaintiff can only bring a breach of contract claim[.]" *Gap Props., LLC v. Cairo*, No. 19-20117, 2020 WL 7183509, at *4 (D.N.J. Sept. 17, 2020).

It follows that a complaint alleging breach of this implied covenant must allege more than a simple breach of the terms of the contract. *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d 407, 417 (D.N.J. 2021). Plaintiffs, however, have failed to do so. The only meaningful difference between plaintiffs' allegations as set forth in Count 2 and Count 5 consists of the manner in which the plaintiffs characterize the defendants' refusal to provide coverage. In Count 2, the plaintiffs allege that the defendants "breached the insurance contract by wrongfully denying the Claim in violation of the Policy provisions." (Compl. ¶ 27.) In Count 5, plaintiffs allege that the defendants

12

"breached this covenant of good faith and fair dealing by, among other things, intentionally, willfully, and maliciously refusing to provide coverage to the Claim to Plaintiffs under the Policy." (*Id.* ¶ 43.) The implied-covenant claim, as pled, is based on nothing more than an alleged breaches of the express, written terms of the Policy, with some pejorative adjectives added. It therefore merges into the breach of contract theory. *Gap Props., LLC*, 2020 WL 7183509, at *5-6; *Gotham City Orthopedics, LLC v. United Healthcare Ins. Co.*, No. 21-11313, 2022 WL 111061, at *5-6 (D.N.J. Jan. 12, 2022) (granting motion to dismiss the plaintiff's claim for breach of the covenant of good faith and fair dealing where the plaintiff failed to allege facts "that go beyond a simple breach of contract and suggest bad faith"). I will therefore dismiss Count 5 of the complaint.

## V. CONCLUSION

For the reasons set forth above, the defendants' motion (DE 6) is granted. The Court shall dismiss Counts 1, 3, 4, 5, and 6 of the complaint. The Court shall also dismiss the plaintiffs' prayer for attorneys' fees and special, or punitive, damages.

These dismissals are without prejudice to the submission of a proposed amended complaint consistent with this Opinion within 30 days. Otherwise, dismissal shall become one with prejudice.

A separate order will issue.

**Dated**: September 20, 2023

/s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**